## Middlesex Company *vs.* Atis Osgood & another.

Under *St.* 1852, *c.* 312, §§ 12, 14, 18, the statute of frauds cannot be relied on in defence of an action, unless set up in the answer.

Proof that all goods of a certain kind, made during a certain time, which the manufacturer had agreed to sell for a fixed sum, were set apart as soon as made, and that the purchaser had never been refused permission to take them away, is sufficient to support an action for the price of the goods, without other proof of delivery or offer to deliver.

Action of contract against Atis Osgood and William F. Osgood, to recover the price of "goods sold by the plaintiffs to the said Atis Osgood, and for which the defendants, in consideration of such sale, by their memorandum in writing, signed by said defendants, (a copy whereof is hereto annexed,) promised to pay the plaintiffs." Annexed to the declaration was a copy of the following memorandum: "March 15, 1852. Sold to Atis Osgood all the manure waste which may be made for one year from the first of May next, for $325, payable in quarterly instalments at the end of each quarter, Wm. F. Osgood being responsible. Atis Osgood. William F. Osgood."

Answer, that the plaintiffs had not fulfilled said agreement on their part, and had refused to deliver, and had not delivered to the defendants the manure waste described in the declaration, and therefore the defendants were not bound to perform their said agreement.

At the trial in the court of common pleas, the plaintiffs pro-

duced the memorandum set forth in their declaration, and called as a witness their bookkeeper and paymaster, who testified that the memorandum was made in the book of the plaintiffs, kept for the entry of their miscellaneous memoranda and agreements, and that the body of the memorandum was in the handwriting of the plaintiffs' agent; that the waste, which was made by the plaintiffs during the time mentioned in the memorandum, was kept in a certain barn, to which he had never been; and that neither he nor any other person had ever refused to deliver said waste to the defendants, or to permit the defendants to take the same, so far as the witness knew. There was no other evidence offered to show any breach of contract by the defendants, or damage to the plaintiffs. And *Perkins*, J. ruled that the plaintiffs had not made out a case to entitle them to a verdict. A verdict was taken for the defendants, and the plaintiffs alleged exceptions.

*A. P. Bonney*, for the plaintiffs.

*B. F. Butler*, for the defendants. The contract declared on is not sufficient to satisfy the statute of frauds; because it does not mention the name of the plaintiffs; but is simply a memorandum signed by the defendants, to the effect that some person had sold them certain waste. Chit. Con. (8th Am. ed.) 349. *Champion* v. *Plummer*, 1 New Rep. 252. *Bateman* v. *Phillips*, 15 East, 272. *Graham* v. *Musson*, 5 Bing. N. C. 605. *Elmore* v. *Kingscote*, 5 B. & C. 583. The contract being executory, and the pleadings putting in issue its performance by the plaintiffs, they should, in order to show a consideration *prima facie*, have produced some evidence that some waste was made after the 1st of May, and delivered, or which could have been delivered to the defendants. Chit. Con. 378 *&* note. To sustain a declaration for goods sold, some evidence of delivery is necessary.

BIGELOW, J. The defence, that the contract declared on was invalid under the statute of frauds, was not open to the defendants under their answer. By *St.* 1852, *c.* 312, §§ 12, 14, 18, if a party relies on any legal bar to the plaintiff's claim, such as the statute of frauds or the statute of limitations, he must set it up

Middlesex Company *v.* Osgood & another.

in clear and precise terms in his answer. Such is the plain re·
quirement of the statute.

The only other ground of defence is, that the evidence at the
trial was insufficient to warrant a verdict for the plaintiffs. But
it seems to us that the legal effect of the evidence, taken in
connection with the terms of the contract and its subject matter,
was sufficient to sustain the plaintiff's claim. As between the
parties, the property in the waste made at the plaintiffs' mill
passed to the defendants, as soon as the same was gathered and
placed by itself, ready for delivery. By the terms of the con
tract, the defendants were to have all the waste made. No
weighing or measuring was necessary, therefore, to ascertain the
quantity ; and the price was a fixed sum, payable quarterly, not
depending on the amount of the article sold. There was no evi-
dence of a refusal to deliver the waste by the plaintiffs, nor of
any demand upon them by the defendants. All that the plain-
tiffs were bound to do was to be in readiness to deliver the waste
when called for by the defendants. No place of delivery was
specified in the contract. The mill of the plaintiffs, where the
waste was made and sold, was therefore the place where the
parties to the contract were bound to make and receive the de-
livery. 2 Kent Com. (6th ed.) 505. *Lobdell* v. *Hopkins,* 5 Cow
516. *Goodwin* v. *Holbrook,* 4 Wend. 380. Proof, therefore, that
waste was made at the mill, and that it was placed in a barn
after being collected together, and that there was no refusal to
permit the defendants to take it away, was amply sufficient to
show a performance of the contract by the plaintiffs, and was
equivalent to an offer by them to deliver the waste to the defend-
ants. The ruling of the court was equivalent to a nonsuit.
We think the plaintiffs offered evidence sufficient to entitle them
to a verdict, and that therefore the ruling was erroneous.

*Exceptions sustained.*